JAMES F. MCKAY III, Judge.
LThe defendant, Louisiana Citizens Fair Plan Property Insurance Corporation (Citizens) appeals the trial court’s certification of a class action in favor of the plaintiffs, Stephanie Press and other similarly situated policyholders to whom Citizens failed to pay General Contractor Overhead and Profit (GCOP). We affirm.
FACTS AND PROCEDURAL HISTORY
In the wake of Hurricanes Katrina and Rita, Citizens allegedly failed to pay GCOP to a number of its insured policyholders. GCOP is part of the actual cash value payment owed by an insurer to its insured as part of the cost to repair or replace the insured’s damaged real property. Historically, it is paid for anticipated coordination and supervision of the various sub-trades at a flat rate of 20% of the total claim.
On June 27, 2006, Stephanie Press filed suit against Citizens on behalf of herself and other similarly situated persons alleging breach of contract and bad |2faith due to the failure of Citizens to pay them GCOP.[1] The plaintiffs filed a motion for certification of class action which the trial court granted on August 4, 2008. The trial court defined the class as: persons who had a Louisiana Citizens Property Insurance Property Corporation homeowners’ insurance policy at the time of Hurricane Katrina and/or Rita; suffered covered damage to structures insured by Citizens homeowners’ insurance policy as a result of Hurricane Katrina and/or Rita; Citizens’s adjustment identified three or more trades involved in the repairs and payment *394 was based on Citizens’s adjustment of damages; and the payment did not include 20% GCOP. Citizens now appeals the trial court’s class certification.
DISCUSSION
On appeal, Citizens raises the following assignments of error: 1) the district court erred in granting class certification because the putative class does not meet the “predominance” requirement of La. C.C.P. art. 591(B)(3) and/or FRCP 23(b)(3); and 2) the district court improperly concluded that the purported class could be defined by objective, ascertainable criteria.
The standard of review for class action certifications is bifurcated. The factual findings of the lower court are reviewed under the manifest error/clearly wrong standard, but the trial court’s judgment on whether or not to certify the class is reviewed by the abuse of discretion standard. Etter v. Hibernia Corp., 2006-0646 (La.App. 4 Cir. 2/14/07), 952 So.2d 782. When reviewing the trial court’s ruling regarding class certification, the appellate court need not consider whether | .^plaintiffs’ claims state a cause of action or have substantive merit, or whether plaintiffs will ultimately prevail on the merits. Munsey v. Cox Communications of New Orleans, Inc., 2001-0548 (La.App. 4 Cir. 3/20/02), 841 So.2d 633, 636. Rather, it is the task of the appellate court to examine plaintiffs’ legal claims and to determine whether a class action is the appropriate procedural device in light of established Louisiana criteria. Id.
The class action certification procedure is governed by Louisiana Code of Civil Procedure Article 591. La. C.C.P. art. 591 states:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1)The class is so numerous that join-der of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions- by or against individual members of the class would create a risk of:
(a) In consistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their individual interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available |4methods for the fair *395 and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or the undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subpara-graph B(S) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
In the instant case, the trial court found that the plaintiffs’ claims met all of the criteria set forth in La. C.C.P. art. 591(A), i.e., numerosity, commonality, typicality, adequacy of representation, and an objectively definable class. The trial court also found that the elements of predominance and superiority set forth in La. C.C.P. art. 591(B)(3) were satisfied. We agree with the trial court’s assessment of these criteria.
Gregory Achee, a supervisor with Central Claims, testified that he supervised 6,000 to 7,000 claims that did not include GCOP. Ellen Legier, another claims supervisor, testified that she estimated about 600 to 1,000 of her adjustments did not include GCOP. Based on this testimony, the class appears to be numerous enough that joinder is not a practical alternative and as such the nu-merosity requirement for class certification is satisfied.
| r,Common questions of law and fact also exist among class members. The plaintiffs all argue (1) that Citizens was required to pay GCOP to certain insureds, (2) that Citizens did not pay GCOP and (3) that those insureds should be compensated for the damages that resulted from Citizens’s failure to pay. Accordingly, the commonality requirement is met.
The requirement of typicality and adequacy of representation are met when the proposed class representatives prove that their claims are a cross-section of the claims of all class members. Cathy Smith testified that she spent $80,000.00 to repair her home but was only paid $55,088.00 by Citizens. These claims are typical of the members of the entire class because they all arise out of Citizens’s alleged failure to pay GCOP. Accordingly, the typicality and adequate representation requirements are satisfied.
Although Citizens argues that an insured would not be able to readily determine whether he or she is a member of the class because some estimates do not list GCOP as a line item but include it in the *396 overall cost, that argument is without merit. In the instances where GCOP is not a line item, it can be determined whether GCOP was included by comparing the value at the time of the adjustment with what the insured was actually paid. If the insured was paid 20% above cost, then GCOP was included; if the insured was paid an amount less than cost plus 20%, then GCOP was not included. Accordingly, the class can be defined by objective criteria. Therefore, all the requirements of La. C.C.P. art. 591(A) are met.
The common issue that predominates is whether an insured is entitled to GCOP when the adjustment identifies three or more trades involved in the repairs to the damaged property. The named plaintiffs’ and each of the class members’ | l;right to recover GCOP derives from the defendant’s systematic failure to follow its own policies and guidelines which set forth the requirement to pay GCOP at a flat rate of 20% when the insured’s adjustment identified three or more trades involved in the repairs. Accordingly, the “predominance” requirement of La. C.C.P. art. 591(B)(3) is met.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. We find no manifest error in the trial court’s factual findings and no abuse of discretion in the trial court’s determination that this case meets all of the requirements of La. C.C.P. art. 591 for certification of this matter as a class action.
AFFIRMED.

. The original petition was subsequently amended to add Gaspar Giglio and Cathy Smith, who were also named as class representatives by the district court after hearings and cross-examination by Citizens to evaluate their adequacy as class representatives.